IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CODY S. HOWARD**                                                             **PLAINTIFF**
**#79081**

**V.**                    **CASE NO. 4:22-cv-01091 JM**

**RAINWATER, Lawyer at**
**Rainwater Holt & Sexton;**
**SEXTON, Lawyer at Rainwater**
**Holt & Sexton**                                                             **DEFENDANTS**

## ORDER

Plaintiff Cody Howard, in custody at the Pulaski County Regional Detention Facility, has filed a *pro se* complaint under 42 U.S.C. § 1983 (Doc. 2) and an application for leave to proceed *in forma pauperis*. (Doc. 1). Howard has not filed a properly completed *in forma pauperis* petition. (Doc. 5).[1] However, because a district court has the inherent authority to dismiss a case *sua sponte* for failure to state a claim, Howard's *IFP* (Doc. 1) is denied as moot and his complaint is dismissed without prejudice. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991).

Howard states that, in either 2016 or 2017, he was notified by the law offices of Rainwater, Holt & Sexton that a trust had been created for him from which his health care expenses could be paid. (Doc. 2 at 4). Howard brings this lawsuit under 42 U.S.C. § 1983 arguing that Defendants have since failed to represent him. It appears Howard believed the firm would thereafter represent him personally rather than simply serving as a conduit for trust business. Howard asks the Court to reward him "what rightfully belongs to [him]." (*Id*. at 5).

---

[1] Howard has submitted a letter to the Court (Doc. 7) that he has been unable to obtained a certified copy of his trust fund account statement as required by 28 U.S.C.A. § 1915(a)(2).

Howard's claims fail for a number of reasons. In order to state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). First, Howard has not asserted a constitutional right. Whether Defendants are unlawfully withholding trust assets is a state law issue. Second, even if Howard had alleged a constitutional claim, neither Defendant nor their law firm are private actors subject to suit under § 1983. Finally, to the extent Howard's claims arose from a 2016-2017 case, those claims would now be barred by the three year statute of limitations governing § 1983 actions. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).

Howard's Complaint (Doc. 2) is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 20th day of December, 2022.

                                                                                 UNITED STATES DISTRICT JUDGE